UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.

KENNETH D. LYCOS,

          Defendant,

and

MICHIGAN DEPARTMENT OF TREASURY,

          Garnishee.

No. 11-15090
District Judge David M. Lawson
Magistrate Judge Laurie J. Michelson

_____/

**REPORT AND RECOMMENDATION TO DENY DEFENDANT'S OBJECTION TO CONTINUING WRIT OF GARNISHMENT**

This is a student loan case in which the United States ("Plaintiff" or "Government") obtained a default judgment in the amount of $3,403.29 against Defendant Kenneth D. Lycos ("Defendant" or "Lycos") on December 22, 2011, after he failed to answer or appear in this action. (Dkt. 7.) When the Government sought to collect on the Judgment by directing a Writ of Garnishment to the Michigan Department of Treasury and Able Delivery Service, Inc., Defendant's potential employer (Dkts. 13, 14), Lycos, acting *pro se*, filed an objection to these writs and a request for hearing (Dkt. 15). The matter was referred to this Court for the hearing. (Dkt. 16.) The Government filed a Response to Lycos' request (Dkt. 18) and the Court held a telephone hearing on March 13, 2012.

For the reasons set forth below and on the record at the hearing, the Court RECOMMENDS

that Defendant's objection be DENIED.[1]

## I. FACTS

On November 17, 2011, the Government filed its Complaint seeking a Judgment against Defendant for an unpaid student loan taken in 1988. (Dkt. 1, Compl.) The Government is the guarantor and assignee of the loan. (*Id.*) Defendant was personally served with the Complaint on November 26, 2011. (Dkt. 3.) After Defendant failed to respond to the Complaint, Plaintiff requested and obtained a Clerk's Entry of Default. (Dkt. 6.) A Default Judgment in the amount of $3,403.29 plus post-judgment interest was entered on December 22, 2011. (Dkt. 7.) Copies of the Default and Default Judgment were served on Defendant, by mail, on December 29, 2011. (Dkt. 8.) Defendant did not object or take any other action on the Default Judgment. Thereafter, in an attempt to collect on the judgment, Plaintiff obtained a Writ of Continuing Garnishment directed to the Michigan Department of Treasury and Able Delivery Service, Inc. (Dkts. 13, 14.) In response, Able Delivery Service, Inc. advised Plaintiff that Defendant was never employed there. (Dkt. 18, Pl. Resp., Pg. ID 56.) The Department of Treasury has not yet filed a response. (*Id.*)

On February 8, 2012, Mr. Lycos filed the present Request for Hearing regarding the Government's garnishment efforts. Defendant does not feel obligated to the underlying debt because, while he enrolled in an electronics course at The National Education Center ("NEC") in

---

[1]This Court will proceed by Report and Recommendation on Plaintiff's post-judgment objections to garnishment. *See United States v. Beamon*, No. 09-11727, 2009 U.S. Dist. LEXIS 123092, *2 (Jan. 13, 2010) (citations omitted) *obj. overruled by* 2010 U.S. Dist. LEXIS 2628 (E.D. Mich. Jan. 13, 2010); *United States v. Wells*, No. 06-10589, 2006 U.S. Dist. LEXIS 83130, at *1 n.1 (July 20, 2006) *report adopted by* 2006 U.S. Dist. LEXIS 83124 (E.D. Mich. Nov. 3, 2006). Thus, during the hearing, the Court meant to indicate it would be issuing a Report and Recommendation rather than an opinion.

Livonia, Michigan 24 years ago, he cancelled his registration within 7 days thereafter – because he was going through a divorce – and thus, never attended the class. (Dkt. 15, Request for Hrg.) Defendant claims that he heard nothing further about this matter until this lawsuit. (*Id*.)

**II.     ANALYSIS**

      **A.     Legal Standard**

"A court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a). A judgment debtor who claims exemption from a writ of garnishment bears the burden of proving that he is entitled to the exemption. 28 U.S.C. § 3014(b)(2); *U.S. v. Sawaf,* 74 F.3d 119, 122 (6th Cir. 1996).

Defendant does not claim a garnishment exemption. Instead, he appears to assert a defense to the Plaintiff's underlying claim, i.e., that he is not responsible to repay the loan because he allegedly cancelled the class (for which he obtained the loan) 24 years ago. Similarly, during the hearing, Defendant objected to the amount of the remaining balance on the loan. Thus, the Court will construe Defendant's objection as a motion to set aside the default judgment.

Pursuant to Fed. R. Civ. P. 55(c), a default judgment may be set aside for good cause and in accordance with Rule 60(b). Rule 60(b) sets forth the following grounds for setting aside a default judgment: (1) mistake, inadvertence, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of the adverse party; (4) the judgment is void; (5) the judgment is satisfied, released or discharged; (6) any other relief justifying relief from judgment. Fed. R. Civ. P. 60(b)(1)-(6). The decision to vacate a default judgment is entrusted to the trial

court's discretion. *In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002).

In *United Coin Meter Co. v. Seaboard Coastal Line R.R.*, 705 F.2d 839, 845 (6th Cir. 1983), the Court articulated three factors to be considered in deciding a Rule 60(b) motion: (1) whether plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. The Sixth Circuit has further explained that the "culpable conduct" factor is the most critical consideration in a motion to set aside a default judgment under Rule 60(b)(1):

> while it may be argued that the three factors are to be "balanced" by the court in determining whether to set aside an entry of default, balancing is demonstrably inappropriate when a court initially proceeds, as in the instant case, under Rule 60(b)(1). That is because the rule mandates that a defendant cannot be relieved of a default judgment unless he can demonstrate that his default was the product of mistake, inadvertence, surprise, or excusable neglect. It is only when the defendant can carry this burden that he will be permitted to demonstrate that he also can satisfy the other two factors: the existence of a meritorious defense and the absence of substantial prejudice to the plaintiff should relief be granted.

*Waifersong, Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).

### B.  Application of the *United Coin* Factors

It is the Defendant's burden to show that his default was the result of excusable neglect. *Id.* Here, Defendant was served with the Summons and Complaint on November 26, 2011 at his address in Jackson, Michigan. (Dkt. 3, Certificate of Service.) His signature is on the return of service. (*Id.*) On December 29, 2011, he was served by mail, at the same address, with the Clerk's Entry of Judgment by Default. (Dkt. 8.) The requests for writs of garnishment were also served, by mail, to the same address in Jackson, Michigan on January 27, 2012. (Dkts. 11, 12.) Plaintiff took no action until February 8, 2012 when he filed his request for hearing on the garnishments. (Dkt. 15.)

That request came from the same Jackson, Michigan address where Defendant has been repeatedly served. (*Id.*)

Defendant does not dispute service of the Complaint. During the hearing, the only reason he provided for failing to answer or otherwise respond to the complaint is that he never really understood what was happening or what to do. Under these circumstances, the Court finds that Defendant has not met his burden of showing that the default was not the result of his own culpable conduct. Thus, there is no basis to set aside the default judgment under Rule 60(b)(1). *See Waifersong*, 976 F.2d at 292; *Weiss v. St. Paul Fire and Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002).[2]

Additionally, Defendant has not established a meritorious defense. Defendant has not provided any documentation or affidavits to support his contention that he cancelled his enrollment in the electronics class, or, even if he did, that cancelling the class cancelled the student loan. Indeed, the Government's response contains a chronology of contacts from 1994 through 1997 between the Defendant and the Department of Education regarding payment on the loan. (Pl. Resp., Pg ID 59.) More specifically, Plaintiff contends that Department of Education ("DOE") records indicate the following telephone contacts with Defendant:

- On April 11, 1994, the Defendant called DOE representatives and discussed the possibility of selling his boat to obtain funds to pay this debt.

- Defendant contacted the DOE again on February 28,

---

[2] Because it is unclear exactly which provision of Rule 60(b) Defendant may be relying on, the Court will consider the other *United Coin* factors – even though they need not be considered with respect to a motion under Rule 60(b)(1) where defendant fails to demonstrate that his default was the product of mistake, inadvertence, surprise, or excusable neglect.

5

- 1995, claiming he could not pay the full balance.

- On October 19, 1995, Defendant advised that he had recently been laid off, and that he would try to borrow money to pay the balance in full.

- There were additional telephone discussions with Defendant on November 9, 1995 and November 25, 1995 regarding settlement.

- During a telephone discussion on February 5, 1996, Defendant promised to send in a payment that day.

- On November 22, 1996, Defendant called to discuss settlement and was offered $1,565.00 as settlement in full. This amount was confirmed with Defendant in discussions on December 3, 1996 and December 27, 1996.

- On January 10, 1997, Defendant advised he was unable to obtain the funds to settle the account.

- On January 14, 1997, Defendant called in to the Department advising he could send $750.00 on or before the 30th of that month. Defendant was provided with Western Union wiring instructions.

- On October 10, 1997 Defendant promised to send $2,065 as payment in full by October 30, 1997.

(*Id*.)

Plaintiff has also attached to its Complaint a DOE Certificate of Indebtedness suggesting the debt remains outstanding. In sum, the information provided to the Court does not support Defendant's contention that he resolved the student loan matter in 1988 and heard nothing further until this litigation.

Finally, even assuming a lack of prejudice to Plaintiff, the overall analysis of the *United Coin* factors does not warrant setting aside the default judgment. *See generally*, *United States v. Wilson*,

6

No. 07-11260, 2008 U.S. Dist. LEXIS 48090 (E.D. Mich. June 23, 2008) (adopting Magistrate Judge's Report and Recommendation on similar grounds). And, as mentioned above, Defendant did not assert any applicable exemptions to the writ of garnishment. He advised during the hearing that he is a disabled veteran and that he contacted the Disabled American Veterans for some assistance in this matter. Plaintiff indicated, however, that the garnishment at issue does not seek any veteran or disability benefits. The garnishment is directed to the Michigan Department of Treasury for any potential state income tax refunds.[3]

### III.    CONCLUSION AND RECOMMENDATION

Accordingly, this Court recommends that Defendant's objection to the Writs of Garnishment, construed as a motion to set aside the default judgment, be DENIED.

### IV.    FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies,

---

[3] The Court further notes that during the hearing, counsel for the Government advised Mr. Lycos that it is willing to discuss the amount owed and a possible payment plan and she provided Mr. Lycos with her contact information.

through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

                                            s/Laurie J. Michelson
                                            LAURIE J. MICHELSON
                                            UNITED STATES MAGISTRATE JUDGE

Dated: March 14, 2012

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 14, 2012.

                                            s/Jane Johnson
                                            Deputy Clerk